IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARVIN BLUNT-BEY,

       Petitioner,

v.                             Civil Action No. 5:13CV94
                                      (STAMP)
R.A. PERDUE, Warden

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE AND**
**GRANTING PETITIONER'S MOTION TO AMEND**

I.   Background

On July 29, 2013, the pro se[1] petitioner, Marvin Blunt-Bey, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[2] In the petition, the petitioner challenges the decision of the United States Parole Commission ("USPC") to deny him parole. As United States Magistrate Judge James E. Seibert indicates, it is not clear exactly what his arguments are. It seems, however, that the petitioner is alleging that the USPC violated the constitutional ban against ex post facto law by: (1) misapplying the 1987 guidelines by adding a point for negative institutional behavior at his 2010 initial parole hearing; (2) using the "nature

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Gilmer.

of the offense" in departing from the 1987 guidelines; and (3) double counting the same factors in its parole decision making.

On August 16, 2013, the respondent filed a motion to dismiss or, in the alternative, for summary judgment. In the motion, the respondent argues that the petition should be dismissed as a successive petition or an abuse of the writ. The respondent indicates that the above arguments are the same arguments that the petitioner brought in his previous habeas petition following the denial of parole at his first hearing, which the Court denied and the Fourth Circuit dismissed the appeal. The petitioner responded, and styled his response as a motion to oppose respondent's motion to dismiss. In this response, the petitioner argues that he has presented proper claims supported by material facts, and the USPC continues to violate his procedural due process rights by not employing the appropriate regulations. The petitioner also filed a motion to amend his petition to include additional attachments relating to his parole rehearing.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. On September 23, 2013, Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge did not address the motion to amend in the report and recommendation.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Thereafter, the petitioner did file timely objections. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Facts

On November 28, 1990, the Superior Court for the District of Columbia sentenced the petitioner to consecutive 15 years to life prison terms for two counts of armed robbery, a concurrent 15 year to life term for burglary II while armed, and a consecutive five year prison term for bail jumping. While out on bail on those charges, the petitioner engaged in further criminal conduct and based on this conduct, the Superior Court sentenced the petitioner on September 18, 2009, to a three to nine year sentence for attempted distribution of cocaine. The petitioner's initial parole eligibility date was October 16, 2010.

The petitioner's pre-hearing assessment determined that the petitioner's initial point assignment grid score was 2, which suggests that parole be granted with the highest level of supervision. At the petitioner's parole hearing in February 2010, however, the parole examiner assigned the petitioner a negative institutional behavior point for an incident that occurred while at

3

the District of Columbia Correctional Facility at Lorton, bringing his grid score to a 3. The parole examiner found that the grid score of 3 indicated that parole be denied. Further, the parole examiner found that a departure from the guidelines was warranted concerning when the petitioner's next parole hearing should be scheduled. The guidelines advise that a rehearing should be scheduled within 12 months. The parole examiner found, however that the petitioner's next parole hearing should instead be scheduled for 24 months later. In so deciding, the parole examiner stated:

> A departure from these guidelines is found warranted because the Commission finds that you are a more serious parole risk than your point score and there is a reasonable probability that you would not obey the law if released and your release would endanger public safety. Specifically, you stand convicted of four separate crimes that occurred over a 2 year span. Two of the crimes were for Armed Robbery where the victims were assaulted. In one of the assaults you held the victim in her apartment at knifepoint against her will before leaving with her property. In the second instance you attacked a woman on the street and stabbed her with an ice pick twice before snatching her purse and running away. In both of these incidents you exhibited unusual cruelty to these victims. Additionally, you became a fugitive from the Court System in May of 1989 and continued to engage in criminal activity as exhibited by your 3/30/1990 arrest and subsequent conviction for Distribution of Cocaine. Your ongoing criminal behavior during the course of a 2 year span indicates that you are a more serious risk if released on parole at this time.

ECF No. 16 *5. The USPC accepted the parole examiner's recommendation, and informed the petitioner that he was denied parole and continued to a rehearing in February 2013.

4

In January 2013, a parole examiner conducted the petitioner's rehearing pursuant to the 1987 guidelines of the former District of Columbia Board of Parole. Although the petitioner's grid score indicated that the petitioner should be granted parole, the parole examiner recommended that parole be denied and a rehearing be scheduled in 12 months. The USPC agreed that parole be denied, but voted to schedule the petitioner's rehearing for 24 months rather than the 12 months recommended by the parole examiner. In February 2013, the Commission issued a notice to the petitioner denying his parole and continuing the rehearing to January 2015.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

### IV. Discussion

A. <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If a party seeks to amend its pleadings

5

in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Prior to the magistrate judge issuing his report and recommendation, the petitioner filed a motion to amend his petition. The petitioner filed the motion to amend within 21 days from being served with the respondent's motion to dismiss. Accordingly, he was allowed to amend his petition by right, and this Court must grant the petitioner's motion. The motion to amend, however, does not contain any additional claims or arguments, but merely seeks to add additional documents. One of these documents is a copy of the USPC's rehearing decision, which the magistrate judge addressed in his report and recommendation, as the respondent attached the document to his motion to dismiss. The additional documents appear to be documents provided to the USPC for the petitioner's rehearing to support the petitioner's character. These documents, while they were not considered by the magistrate judge, fail to support the petitioner's ex post facto claims. Accordingly, while this Court must grant the petitioner's motion to amend, this Court finds that the report and recommendation and the findings below concerning the report and recommendation are in no way impacted by the motion.

B.  <u>Successive Petition</u>

The magistrate judge first found that this Court could dismiss this case as a successive petition or as an abuse of the writ. Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. <u>See</u> 28 U.S.C. § 2244(a). Prior to § 2244(a)'s amendment by the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), § 2244(a) was applied to bar successive habeas petitions concerning challenges to actions of the USPC. <u>See e.g.</u>, <u>George v. Perill</u>, 62 F.3d 333 (10th Cir. 1995); <u>Glumb v. Honstead</u>, 891 F.2d 872 (11th Cir. 1990); <u>Sacco v. United States Parole Commission</u>, 639 F.2d 441 (8th Cir. 1981). Since Congress passed the ADEPA amendments, various circuits have held that § 2244(a) continues to bar successive petitions under § 2241 which are directed to the same issue. <u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997); <u>Queen v. Miner</u>, 530 F.3d 253, 255 (3d Cir. 2008); <u>Valona v. United States</u>, 138 F.3d 693, 695 (7th Cir. 1998); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000); <u>Jackson v. Morris</u>, 8 F. App'x 890, 892 (10th Cir. 2001).

In 2010, the petitioner filed a § 2241 petition alleging similar if not the same arguments alleged in this current petition. <u>See</u> <u>Blunt v. Deboo</u>, 2:10CV73, 2011 WL 198106 (N.D. W. Va. Jan. 19,

7

2011).  He alleged these arguments as they pertained to the denial of his parole in February 2010.  Id.  On January 19, 2011, United States District Court Judge John Preston Bailey issued an opinion affirming and adopting United States Magistrate Judge John S. Kaull's report and recommendation which addressed the three arguments, finding that such arguments were without merit.  See id.  The petitioner now wishes to reassert these same arguments as they pertain to the denial of his parole in February 2013.  While the petitioner asserts in his objections that these are not the same arguments, after a de novo review of the previous petition and the current petition, this Court finds that such arguments are in fact the same as those presented by the petitioner in 2010.  Due to these arguments being addressed in the petitioner's previous habeas petition, which he lost after a full and fair litigation of his claim, this Court finds that the petition in this instance is a successive petition, which should be dismissed as such.

C. The Merits

The magistrate judge next recommended that, even if this Court did not choose to dismiss the petition as a successive petition or abuse of writ, the petition should still be dismissed on the merits.  Based on the memorandum that accompanied the petitioner's objections, this Court believes that the petitioner objects to most if not all of the magistrate judge's findings concerning the merits of his claims.  After a de novo review, however, this Court finds

that the magistrate judge's findings were in accordance with the facts and applicable law and regulations underlying the petitioner's claims.

As stated above, the petitioner seems to assert that the USPC violated the constitutional ban against ex post facto laws by (1) misapplying the 1987 guidelines[3] by adding a point for negative institutional behavior at his 2010 initial parole hearing; (2) using the "nature of the offense" in departing from the 1987 guidelines; and (3) double counting the same factors in its parole decision making. The Ex Post Facto Clause of the Constitution prohibits a retroactive increase in punishment after the commission of a crime. See U.S. Const. art. I, § 9, cl. 3; Collins v. Youngblood, 497 U.S. 37, 42–43, 110 S. Ct. 2715, 111 L.Ed.2d 30 (1990). A retroactively applied parole guideline or regulation "may violate the Ex Post Facto Clause if it creates 'a significant risk' of 'a longer period of incarceration than under the earlier rule.'" Sellmon v. Reilly, 551 F. Supp. 2d 66, 84 (D.D.C. 2008).

As the magistrate judge indicates, if the 2000 regulations were used by the USPC in determining the petitioner's parole eligibility, an ex post facto violation might have occurred. This is because the petitioner's crimes occurred prior to the adoption

---

[3]A thorough history and explanation of the relevant guidelines and regulations applicable to the petitioner's claims can be found in the magistrate judge's report and recommendation. See ECF No. 16 *10-12.

9

of the 2000 regulations and the 2000 regulations are broad and could pose a significant risk of a longer period of incarceration than under the earlier 1987 regulations.  See id.  In this case, however, it is clear that the USPC used the 1987 regulations, rather than the 2000 regulations.

In denying the petitioner parole in February 2013, the USPC stated:

> Your Grid Score at your last hearing was 3 point(s).  You continue to be scored under the 1987 guidelines of the D.C. Board of parole.
>
> Under the guidelines for D.C. Code offenders, your Total Point Score includes -1 point for ordinary program achievement since your last hearing.
>
> With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 2.  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines indicate that parole should be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are more serious risk than indicated by your point score in that the instant offense involved unusual cruelty to the victim.  Additionally, you were convicted of four separate crimes over a two year period.  The reasons in the Notice of Action dated March 20, 2012 [sic] are still appropriate.  The Commission recommends that you participate in and complete additional programs to address your offense behavior to lessen your risk to the community.
>
> The guidelines for the time to rehearing indicate that your next hearing should be scheduled within 12 months.  A departure from those guidelines is found warranted for the same reasons provided above for denying parole.

ECF No. 10 Ex. 1.

After a review of the 1987 regulations, nothing indicates that any other regulations other than the 1987 regulations were used. Under the 1987 regulations, the District of Columbia Board was provided with discretion to depart from the parole decision suggested by the application of the regulations in "unusual circumstances." See 1987 Regs. § 204.22. One of these circumstances includes when the USPC determines that the prisoner's risk to society warrants such discretion. Phillips v. Fulwood, 616 F.3d 577, 582 (D.D.C. 2010). In order to exercise its discretion, however, the Board had to "specify in writing those factors which it used to depart" from the application of the guidelines. 1987 Regs. § 204.22. The Board in this case did provide such factors in writing when it indicated that the prisoner posed a "serious risk" based on the fact that his offense involved "unusual cruelty to the victim" and because he was convicted of "four separate crimes over a two year period." ECF No. 10 Ex. 1. Thus, because there is no indication that the USPC used anything but the 1987 regulations in making its parole determination, the petitioner's ex post facto claim fails on the merits.

D. Petitioner's Objection Under 28 U.S.C. § 636(b)(2)

The petitioner objects generally to the magistrate judge's report and recommendation arguing that he did not consent to the magistrate judge being appointed as a special master in this case, as is required by 28 U.S.C. § 636(b)(2). According to 28 U.S.C.

11

§ 636(b)(2), a district court judge may "designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts . . . upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts." Thus, according to the statutory text, if this Court had appointed the magistrate judge as special master under § 636(b)(2), this Court would have been required to obtain the petitioner's consent prior to such appointment.

This Court, however, referred this matter to the magistrate judge under 28 U.S.C. § 636(b)(1), which states in pertinent part that a district court judge may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." Nothing in this provision requires that the Court obtain a party's consent prior to such a designation. Accordingly, the petitioner's objection concerning the propriety of the magistrate judge's report and recommendation based on the magistrate judge's authority to make such report and recommendation is without merit.

## V. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF No. 16) in its entirety. Accordingly, the respondent's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 9) is GRANTED. Further, the petitioner's motion to amend (ECF No. 15) is GRANTED. The petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, however, is still DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        November 18, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE